UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GANEEVA WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>DUKE PARTNERS II, LLC and<br>PENNYMAC LOAN SERVICES, LLC,<br><br>Defendants. | No. 1:17-cv-00783-DAD-MJS<br><br>ORDER TO SHOW CAUSE WHY THIS <u>CASE SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION</u> |

On June 8, 2017, plaintiff filed a complaint alleging defendants violated the California Homeowner Bill of Rights and the Fourteenth Amendment of the U.S. Constitution by "dual tracking"—i.e., proceeding with foreclosure while negotiating a loan modification—a property owned by an estate she was administering. (Doc. No. 1.) Plaintiff also sought to quiet title by way of her complaint. (*Id.*) Jurisdiction of this court is alleged on the basis of 28 U.S.C. § 1331. (*Id.* at ¶ 4.) The only federal question on the face of the complaint is the alleged violation of the Fourteenth Amendment.

Federal courts may not proceed in the absence of subject matter jurisdiction and "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006); *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012) (objections to subject matter

1

jurisdiction may be raised at any stage, "even after trial and the entry of judgment") (quoting *Arbaugh*, 546 U.S. at 506); *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012); *see also* Fed. R. Civ. P. 12(h)(3). Generally, a federal court must entertain a suit premised on federal question jurisdiction. *Bell v. Hood*, 327 U.S. 678, 681–82 (1946). However, an exception exists where the federal claim alleged "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* at 682–83; *see also Oneida Indian Nation v. Oneida County*, 414 U.S. 661, 666 (1974) (looking to whether federal claim could be "said to be so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"). A federal claim "must be 'absolutely devoid of merit or obviously frivolous'" in order for the court to lose jurisdiction. *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) (quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991)). "Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits." *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1131 (9th Cir. 2012) (quoting *Cement Masons Health & Welfare Trust Fund v. Stone*, 197 F.3d 1003, 1008 (9th Cir. 1999)).

An essential part of any alleged Fourteenth Amendment violation is state action. *Lugar v. Edmondson Oil Co, Inc.*, 457 U.S. 922, 924 (1982) ("Because the Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'"); *see also Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 305–06 (2001); *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). The Fourteenth Amendment claim here is alleged against two private actors with no apparent connection to federal, state, or local government. Since there is no apparent state action here, this claim appears to be so clearly devoid of merit and frivolous as to bring into question the court's jurisdiction to proceed. *Oneida Indian Nation*, 414 U.S. at 666; *Cook Inlet Region, Inc.*, 690 F.3d at 1131.

/////

/////

/////

Given the foregoing, plaintiff is hereby ordered to show cause in writing within seven (7) days of the date of this order why this case should not be dismissed due to this court's lack of subject matter jurisdiction. Any failure on plaintiff's part to respond to this order to show cause in writing will result in the dismissal of this action without leave to amend.

IT IS SO ORDERED.

Dated: **June 13, 2017**

_____
UNITED STATES DISTRICT JUDGE