UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GANEEVA WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>DUKE PARTNERS II, LLC and<br>PENNYMAC LOAN SERVICES, LLC,<br><br>Defendants. | No. 1:17-cv-00783-DAD-MJS<br><br>ORDER DISMISSING CASE FOR FAILURE TO RESPOND TO ORDER TO SHOW CAUSE<br><br>(Doc. No. 3) |

On June 14, 2017, this court issued an order to show cause why this case should not be dismissed for lack of subject matter jurisdiction. (Doc. No. 4.) The order required that plaintiff respond in writing within seven days, and warned her that any failure to respond would result in dismissal without leave to amend. (*Id.*) More than seven days have passed since the order was issued, and no response has been filed.

Prior to dismissing a claim for failure to comply with a court order, the court must weigh these factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *see also In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Bautista v. Los Angeles Cty.*, 216 F.3d 837, 841 (9th Cir. 2000).

1

Here, while this case has not been pending long, the public has a great interest in the expeditious resolution of this and all litigation heard here, as it has one of the busiest dockets in the country. *See Ellis v. Checkmate Staffing, Inc.*, No. 2:08-cv-00129-JAM-CKD, 2015 WL 351441, at *2 (E.D. Cal. Jan. 26, 2015). For similar reasons, the court has a strong need to control its docket. There is little risk of prejudice to the defendants in this action, who have not yet appeared in this matter, given the high likelihood this court does not have subject matter jurisdiction over the dispute in any event. (*See* Doc. No. 4.) There are no less drastic alternatives available to the court when faced with a litigant who simply fails to respond to court orders. Finally, while public policy may favor disposing of cases on the merits, it is highly unlikely this court would be able to reach the actual dispute—whether defendants engaged in "dual tracking" in violation of the California Homeowner Bill of Rights—given that it appears to lack subject matter jurisdiction.

Therefore, considering the factors noted above and that the deadline to respond to the court's order to show cause has passed without response from the plaintiff, the court dismisses this case without leave to amend. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 3) is denied as having been rendered moot by this order. Finally, the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **June 30, 2017**

UNITED STATES DISTRICT JUDGE

2